[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14691

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GARRY S. MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:09-cr-00108-ACC-GJK-1

_____

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Garry Martin, a *pro se* federal prisoner, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018.[1]  Martin is serving a total 264-month sentence that was imposed in January 2010.  Martin pled guilty to perpetrating a reverse mortgage and money-laundering scheme involving losses totaling about $5 million.  The scheme had twenty-seven victims, many of whom were elderly or facing foreclosure.  Martin was sentenced to 240 months of imprisonment, plus an additional 24 months for committing this offense while on supervised release for a prior mortgage-fraud conviction.

In his § 3582 motion, filed in May 2020, Martin alleged that his age (48 at the time) and medical conditions (hypertension, high cholesterol, severe obesity, and pre-diabetes) made him particularly vulnerable to serious illness or death from COVID-19.  He asserted that he could not take adequate measures to protect against COVID-19 in prison on his own and that the Bureau of Prisons's ("BOP") strategy to combat the spread of the virus was woefully inadequate and deprived him of the ability to see his family.  Stressing his post-offense rehabilitation and the nonviolent nature of his offense, Martin contended that his immediate release would be

---

[1] Pub. L. No. 115-391, § 603(b), 132 Stat. 5192, 5239 (2018)

consistent with the 18 U.S.C. § 3553(a) factors and would not pose a danger to others.

After the government responded in opposition, and Martin replied, the district court denied Martin's motion.  First, the court concluded that Martin's medical conditions, though they may increase the risk of serious illness from COVID-19, did not impair his ability to function or pose an imminent risk to his health within the meaning of the policy statement at U.S.S.G. § 1B1.13.  Second, the court determined that, even assuming Martin established an extraordinary and compelling reason for relief, the § 3553(a) factors—specifically the nature of the offense, Martin's history and characteristics, and the need to protect the public—weighed against reducing Martin's sentence to time served.  Martin now appeals.[2]

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  A district court retains a "range of choice," so long as it does not apply an incorrect legal standard, rely on clearly erroneous facts, or commit a clear error of judgment.  *Id.* at 911–12.

---

[2] It appears Martin was placed in home confinement in December 2020.  However, that discretionary placement decision by the Attorney General, *see* 18 U.S.C. § 3624(c)(2), Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), does not affect the length of Martin's sentence or the district court's decision not to reduce the sentence in this proceeding.

Under § 3582(c)(1)(A), a district court may grant a defendant's motion for a sentence reduction, after considering the § 3553(a) factors, "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that a "reduction is consistent with applicable policy statements" in the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A)(i). We have held that § 1B1.3 is "applicable" to all motions under § 3582(c)(1)(A), and, accordingly, "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Section 1B1.13, in turn, requires the court to find that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). *Bryant*, which was issued after Martin filed his brief in this case, forecloses his contention that § 1B1.13 and its requirements are not binding.

In this Circuit, therefore, a district court may not grant a sentence reduction under § 3582(c)(1)(A) unless it makes three findings: (1) an extraordinary and compelling reason exists; (2) the reduction is supported by the § 3553(a) factors; and (3) granting a reduction would not endanger others within the meaning of § 1B1.13's policy statement. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); *see also United States v. Giron*, 15 F.4th 1343, 1345–46 (11th Cir. 2021). "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Tinker*, 14 F.4th at 1238. Thus, a court may exercise its discretion to deny a motion under § 3582(c)(1)(A) even if the

defendant presents an extraordinary and compelling reason for re-lief. *Id.* at 1239.

Here, we assume without deciding that Martin's age and medical conditions, in light of the COVID-19 pandemic, consti-tuted extraordinary and compelling reasons for relief. Neverthe-less, we affirm the district court's alternative determination that the § 3553(a) factors weighed against granting early release. *See id.* at 1238–39.

An order granting or denying compassionate release under § 3582(c)(1)(A) generally must indicate that the district court has considered "all applicable § 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021). "[A] district court need not exhaustively analyze each § 3553(a) factor or articulate its findings in great detail," and an acknowledgement by the court that it has considered the § 3553(a) factors and the parties' arguments is ordi-narily sufficient. *Tinker*, 14 F.4th at 1241 (quotation marks omit-ted). Nevertheless, the court "must provide enough analysis that meaningful appellate review of the factors' application can take place." *Id.* (quotation marks omitted).

Moreover, the weight to give any particular § 3553(a) fac-tor, whether great or slight, is committed to the district court's sound discretion. *Id.* "Even so, [a] district court abuses its discre-tion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an im-proper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted).

6                    Opinion of the Court                    20-14691

Liberally construing his brief on appeal, Martin contends that the district court erred when analyzing the § 3553(a) factors. Essentially, he contends that the court neglected to consider several important factors when making its determination. These factors include the increased risk COVID-19 posed to Martin given his age and medical conditions, the types of sentences available, including an additional term of supervised release, and evidence of Martin's post-offense rehabilitation.

Here, the district court did not abuse its discretion by concluding that a sentence reduction to time served was not warranted "[i]n view of all the § 3553(a) factors."[3]  The court "was not required to expressly discuss all of [Martin's] mitigating evidence regarding C[OVID]-19 and his medical conditions, or even every § 3553(a) sentencing factor."  *Tinker*, 14 F.4th at 1241.  And the court expressly referenced several § 3553(a) factors, including the nature of the offense, Martin's history and characteristics, and the need to protect the public.  The court explained that Martin committed the instant fraud offense while on supervised release for a mortgage-fraud conviction, that the conduct was serious and involved defrauding vulnerable victims, and that Martin still had seven years left on his original 20-year sentence.  Notably, Martin's original guideline range was 360 months to life, which was then reduced to 240 months because of the applicable 20-year statutory maximum.

_____

[3] Insofar as Martin claims the district court "did not consider the Section 3553(a) factors," he is incorrect.

The court also referenced Martin's medical conditions and "acknowledged the parties' filings, which discussed at length the factors that [Martin] contends the district court ignored." *Id.*

The district court's denial of Martin's § 3582(c)(1)(A) motion was adequately explained and supported by the record. We cannot say it was an abuse of discretion to deny Martin a sentence reduction, even given his age and medical conditions, the nonviolent nature of the criminal conduct, and his significant evidence of post-offense rehabilitation. We therefore affirm the district court.

**AFFIRMED.**